**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC, a Pennsylvania company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 16 C 8604 |
| KAM DEVELOPMENT, L.L.C. d/b/a, GREEN ENERGY AIR SEALING, an Illinois company, and KIMBERLY RADOSTITS, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on Defendants' KAM Development, L.L.C., ("KAM Development") doing business as Green Energy Air Sealing, and Kimberly Radostits ("Radostits") (collectively, "Defendants") motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Live Face on Web, LLC's ("LFOW") Complaint. LFOW opposes the motion, and alternatively, seeks leave to amend the Complaint. For the following reasons, the motion is granted in part and denied in part. LFOW is granted twenty-one days to amend the Complaint consistent with this Opinion.

## BACKGROUND

For purposes of the instant motion, the following well-pleaded allegations derived from LFOW's Complaint are accepted as true and the Court draws all reasonable inferences in LFOW's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "LFOW is a developer and owner of 'live person' software, which is an original work of authorship independently created by LFOW." LFOW's software "allows a company to display a video of a 'walking' and 'talking' personal host who introduces a website to an online visitor," and "explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website." LFOW's software uses "a real spokesperson to capture, hold and prolong the attention of the average online visitor" to enhance a customer's website. Companies can "customize and [ ] modify settings and functionality of the web spokesperson." LFOW charges customers a license fee and its software is subject to an "End User License Agreement ('EULA')." Since October 2007, "anyone who accessed" LFOW's software "had notice of the EULA." "[O]n December 20, 2007, LFOW [ ] registered the copyright in the LFOW Software version 7.0.0, prior to the publication of version 7.0.0, in the United States Copyright Office" and received a certificate of registration from the Register of Copyrights.

LFOW alleges that Defendants "own, and/or have operated and/or have controlled the website http://www.greenenergyairsealing.com." LFOW claims that "Defendants have used a web spokesperson video to promote [their] products and/or

services," and that "in order to display the web spokesperson," on their website, "Defendants used and distributed, without permission," LFOW's software. LFOW further alleges that "Defendants copied and stored an infringing version of the LFOW Software on the webserver(s) for" their website. To implement the supposedly infringing version of LFOW's software, Defendants allegedly modified their website to include a specific "source code and/or text," which apparently linked "the Defendants' website to the file 'new_player.js,' an infringing version of the LFOW Software." LFOW claims that every time "a web browser retrieved a page from Defendants' website," Defendants distributed a copy of LFOW's software to the website visitor, which was stored on the visitor's computer. Thus, LFOW asserts, "each visit to the Defendants' website was a new act of copyright infringement."

According to LFOW, Defendants never paid the applicable license and video production fees when it used LFOW's software. Allegedly, "Defendants have caused, enabled, facilitated, and/or materially contributed to the infringement," by distributing copies of LFOW's software to each website visitor. Although Defendants allegedly own, operate, and/or control their website, and supposedly have "the right and ability to supervise and control the infringement," they "refused to exercise their ability to stop the infringement." Moreover, LFOW claims that Defendants acted with "reckless disregard for, or [with] willful blindness to LFOW's rights" when it "initiated or continued the infringing conduct with knowledge of the infringement."

LFOW also alleges that "Defendants profited directly from and have a direct financial interest in the infringement," because LFOW's software "allowed Defendants to more effectively promote and sell their products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendants." LFOW also claims that Defendants used the infringing version of its software "to generate revenues and profits," while LFOW suffered "loss of licensing revenue." Consequently, LFOW filed a one-count Complaint against Defendants pursuant to 17 U.S.C. § 501, alleging "direct, indirect, and/or vicarious infringement of registered copyrights."

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give

the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Direct Copyright Infringement

To establish a claim for direct copyright infringement, LFOW must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendants do not challenge that LFOW owns a valid copyright. Rather, Defendants contend that LFOW failed to sufficiently plead the second element of direct infringement. Specifically, Defendants argue that LFOW fails to allege "that KAM ever had 'access to' or the opportunity to view the actual 'expression' of the software in question, namely any of the sets of statements or instructions allegedly owned by LFOW." Without such allegations, they claim, "there cannot be any inference of copying," and thus, "no claim of copyright infringement."

Conversely, LFOW contends that Defendants erroneously argue that it had to allege that Defendants had "access to" LFOW's copyrighted work. Moreover, according to LFOW, at this stage of the litigation, the allegations in the Complaint are sufficient to state a claim for copyright infringement.

The Seventh Circuit has acknowledged that:

> The standard for copying is surprisingly muddled. Where direct evidence, such as an admission of copying, is not available . . . , a plaintiff may prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original. The various efforts to define these two key concepts, however, have unfortunately had the unintended effect of obscuring rather than clarifying the issues.

*Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012).

The Seventh Circuit continued, the tort "of infringement simply requires the plaintiff to show that the defendant had an actual opportunity to copy the original . . . , and that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Id.* at 633–34. In a more recent Seventh Circuit Opinion, the Court stated, "[t]here are two methods to proving 'copying': (1) 'that the defendant had the opportunity to copy the original (often called 'access');' and (2) 'that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original.'" *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 761 (7th Cir. 2016) (quoting *Peters*, 692 F.3d at 633).

At this stage of the litigation, LFOW is not required to prove copying; rather, the Complaint need only contain sufficient allegations of copying. The Complaint states that "Defendants used and distributed . . . the infringing version of the LFOW Software," and that the "Defendants copied and stored an infringing version of the LFOW Software on the webserver(s) for" Defendants' website. Additionally, LFOW alleges that the infringing version "is substantially similar to the LFOW Software,"

because it contains the letters "LFOW" and "the unique prefixes 'lf_,'" in the code. According to LFOW, these letters and prefixes "were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code." These allegations are sufficient to allege that Defendants had the "opportunity to copy the original," and "that the two works are 'substantially similar.'" *Peters*, 692 F.3d at 633. Moreover, these allegations sufficiently provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Concentra Health Servs., Inc.*, 496 F.3d at 776 (quoting *Twombly*, 550 U.S. at 555). Thus, the motion to dismiss the direct infringement claim is denied.

## II.  Vicarious Copyright Infringement

Although Defendants moved to dismiss the Complaint for failure to adequately allege a claim for contributory infringement, in its response brief, LFOW concedes that it "does not expressly allege" a contributory infringement claim. This is, therefore, a non-issue. However, since there are sufficient allegations to support a claim for direct copyright infringement, the Court turns to LFOW's claim for vicarious infringement. *See QSRSoft, Inc. v. Rest. Tech., Inc.*, No. 06 C 2734, 2006 WL 3196928, at *4 (N.D. Ill. Nov. 2, 2006) ("[T]o state a claim for contributory and vicarious copyright infringement, the plaintiff must plead sufficient facts for a valid claim of direct copyright infringement.").

To state a claim for vicarious infringement, LFOW has to allege that Defendants: (1) possessed "the right and ability to supervise the infringing activity,"

and (2) had "a direct financial interest in such activities." *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992) (quoting *Gershwin Publ'g Corp v. Columbia Artists Mgmt, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)); *see also Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, No. 13 C 4664, 2014 WL 3368893, at *8 (N.D. Ill. July 8, 2014). Defendants assert that LFOW's claim for vicarious infringement fails because the allegations in the Complaint are "vague and conclusory" and do not connect the alleged infringing activity to the alleged financial benefit. Additionally, Defendants rely on *In re Amister Copyright Litigation*, where the court stated: "[t]he financial benefit element is also satisfied where, as here, the existence of infringing activities act as a draw for potential customers," to support their contention that LFOW must allege that the infringing activity constituted a *draw* for the Defendants' customers. 252 F. Supp. 2d 634, 655 (N.D. Ill. 2002). Defendants assert that LFOW "has failed to allege any facts to suggest that KAM's customers were drawn to its website because of" its alleged use of the "copyrighted live spokesperson." We disagree with Defendants' argument that *In re Amister Copyright Litigation* stands for the proposition that LFOW *must* allege that the infringing activity constituted a draw for Defendants' customers. Rather, we interpret the above quote from *In re Amister Copyright Litigation* as stating that a plaintiff *may* demonstrate direct financial interest by alleging that the infringing activity constitutes a draw for Defendants' customers.

We also disagree with Defendants' argument that the allegations in the Complaint are "vague and conclusory" and do not connect the alleged infringing activity to the alleged financial benefit. The Complaint states that Defendants had "a direct financial interest in the infringement," because when Defendants used "[t]he web spokesperson video" on their website it "advertised and promoted products and/or services of Defendants, encouraging the website viewer to purchase and/or use Defendants' products and/or services." Moreover, the Complaint alleges that "Defendants profited directly from and have a direct financial interest in the infringement because the use of" LFOW's software "allowed Defendants to more effectively promote and sell their products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendants." At this stage in the litigation, accepting these allegations as true and construing them in the light most favorable to LFOW, the Complaint sufficiently states a claim for vicarious copyright infringement. Accordingly, the motion to dismiss the vicarious copyright infringement claim is denied.

## III. Actual Damages

Defendants next argue that "[i]n addition to failing to state a viable claim of copyright infringement, [LFOW] also fails to show why it should be entitled to actual damages." In response, LFOW asserts that it need not allege actual damages as an element of its copyright infringement claim. Nevertheless, LFOW cites to several

allegations in the Complaint to demonstrate that it has alleged a basis for actual damages. For example, Defendants copying and use of LFOW's software "results in actual damages to LFOW, including but not limited to the loss of licensing revenue;" "Defendants . . . used the infringing version of the LFOW Software . . . for which [they] did not pay applicable license fees and video production fees to LFOW;" and "LFOW has suffered significant harm and loss." In reply, Defendants do not respond to any of these arguments. The Court is "not going to do" Defendants' "research and try to discover whether there might be something to say against" LFOW's arguments. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Defendants' failure to respond in their reply brief to any of LFOW's arguments regarding actual damages acts as a waiver. *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) (Defendant "failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that [Defendant] waived his sufficiency of the evidence challenge."). Thus, the motion to dismiss on this ground is denied.

**IV. Copyright Infringement Claim Against Radostits**

Finally, Defendants assert that the copyright claim against Radostits fails because LFOW did not allege that Radostits, "as an alleged corporate officer of KAM," "acted willingly and knowingly in procuring and using the alleged copyrighted material." Moreover, Defendants contend that the Complaint lacks "specific allegations" that Radostits is individually liable, and therefore, the claims of copyright infringement against her must be dismissed. LFOW asserts two arguments

in response. First, LFOW contends that the Complaint "alleges the elements necessary to plead a cause of action against R[a]dostits for copyright infringement based on her joint ownership, supervision, control, and profiting from the website and infringing conduct." Specifically, LFOW points to the allegations in the Compliant stating that Radostits' owned, operated and/or controlled the Defendants' website and "modified Defendants' website to cause the copying, use and distribution of the infringing version of the LFOW Software." Second, LFOW asserts that the Complaint "alleges the elements necessary to plead a cause of action against R[a]dostits for copyright infringement based on her role as a corporate office[r] and owner of KAM Development . . . and her joint ownership, supervision, control and profiting from the website and infringing conduct." LFOW subsequently relies on cases from outside of this District which found that similar allegations are sufficient to deny a corporate officer's motion to dismiss. *See Live Face on Web, LLC v. Five Boro Mold Specialist, Inc.*, No. 15 CV 4779-LTS-SN, 2016 WL 1717218 (S.D.N.Y Apr. 28, 2012).

We agree with Defendants that it is unclear from the Complaint whether LFOW is alleging copyright infringement against Radostits in her individual capacity, corporate capacity, or both. The Complaint names Radostits "as an individual" Defendant, while the allegations state that she "is a principal of KAM." "Merely being an officer in the corporation will not confer liability on the individual." *Asher Worldwide Enter. LLC v. Housewaresonly.com Inc.*, No. 12 C 568, 2013 WL

4516415, at *3 (N.D. Ill. Aug. 26, 2013). With respect to the liability of a corporate officer based on a corporation's alleged infringement, the Seventh Circuit has stated: "It is when the officer acts willfully and knowingly—that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability—that officers are held jointly with the company." *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926).

Here, the Complaint lacks sufficient factual allegations that Radostits: (i) "personally participated in" the alleged copying of LFOW's software; (ii) used KAM Development "as an instrument to carry out [her] own willful and deliberate infringements;" or (iii) used KAM Development to conduct the infringement with the purpose of avoiding personal liability for copyright infringement. Thus, the motion to dismiss the copyright infringement claim brought against Radostits is granted without prejudice. LFOW has twenty-one days to file an amended Complaint clarifying whether Radostits is being sued in her individual capacity, as a corporate officer, or both, and if applicable, provide allegations of Radostits' personal involvement in the alleged copyright infringement.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is granted in part and denied in part. LFOW has twenty-one days to amend its current Complaint consistent with this Opinion.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Date: 12/20/2016